Opinion on Request for Withdrawal of Motion for Rehearing.

HAWKINS, J. Appellant is under conviction for murder, with the punishment assessed at ten years' confinement in the penitentiary.

An opinion of this court has heretofore been delivered affirming the judgment of conviction. A motion for rehearing was filed by appellant, and is pending in this court at this time.

Appellant now files his affidavit advising the court that he desires to withdraw the motion for rehearing.

Complying with his request, the motion for rehearing is dismissed, and mandate is ordered issued upon the original opinion.

---

Andy MEADOR v. STATE. (No. 9670.)

(Court of Criminal Appeals of Texas. Jan. 12, 1927.)

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

W. A. Anderson, of San Angelo, G. E. Lockhart, of Lubbock, and Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

MOORE v. FORD MOTOR CO. (No. 9679.)

(Court of Civil Appeals of Texas. Dallas. Jan. 1, 1927.)

I. Appeal and error ⟂1002—Verdict of jury as to special issue on basis of conflicting evidence will not be disturbed.

Where jury settled special issue on basis of conflicting evidence, verdict cannot be disturbed; decision on such issue being province of jury.

2. Trial ⟂350(4)—Submitting Issue in action for breach of contract as ultimate issue of fact held proper.

In action against manufacturer for breach of contract to buy back automobiles from dealer, submitted to jury on special issues, submission of issue as to whether defendant exercised option under contract to repurchase cars held proper as submission of ultimate issue of fact; court not being required to submit mere evidentiary issues.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by Mrs. Alma Moore against the Ford Motor Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. D. Suiter, of Winnsboro, for appellant.

Leon C. Huvelle, of Dallas, Floyd Harry, of Farmersville, and Cecil L. Simpson, of Dallas, for appellee.

LOONEY, J. The appellant, Mrs. Alma Moore, is the surviving wife of T. L. Moore, who, at the time of his death, was a dealer at Winnsboro in automobiles, trucks, tractors, chassis, accessories, etc., manufactured by Ford Motor Company of Highland Park, Mich.

It was provided in this sales agreement that either party could, with or without cause, cancel the agreement at any time by registered mail or personal notice to the other party.

Section 18 of the sales agreement reads as follows:

"In case of the cancellation or termination of this agreement, the manufacturer may, at its option, repurchase from the dealer at the price which he paid therefor, plus freight, all such of the aforesaid new and unused Ford automobiles, trucks, chassis, Fordson tractors, parts, and accessories as he may have on hand unsold at the date of such cancellation or termination. Manufacturer shall be entitled to the possession of all such Ford automobiles, trucks, chassis, Fordson tractors, parts, and accessories remaining on hand and wherever found, without any legal liability whatever, upon tendering to dealer the said purchase price thereof plus freight."

A short time after the death of Mr. Moore, appellee, through one of its agents, canceled the agreement by personal notice and later by registered mail from the home office.

This suit was based on two contentions; that is, appellant contends that, when the agreement was canceled, appellee exercised its reserved option to repurchase the unsold automobiles, trucks, tractors, chassis, accessories, etc., on hand, but refused to pay appellant for the merchandise according to the terms of the agreement; and that she was compelled to sell and did sell the merchandise for $1,986.45 less than the price appellee was obligated to pay as provided in the agree-

---

ment. In a second count appellant contended that appellee wrongfully and unlawfully took possession of her business and the unsold merchandise, and converted the same to its own use and benefit, to her damage in the sum of $1,986.45, and, if she is mistaken as to her rights under the agreement, she is nevertheless entitled to recover as for conversion. The case was tried to a jury and submitted on special issues.

In question No. 2, the ultimate issue, the determination of which settled the controversy, was submitted as follows:

"Did the defendant, Ford Motor Company, acting by its agent or agents, exercise its option under the Ford Sales Agreement contract with T. L. Moore to repurchase from said dealer, T. L. Moore, or the representatives of the T. L. Moore estate, the Ford automobiles, trucks, etc.?" To this question the jury answered, "No."

The court refused the request of appellant to submit any question relating to the issue of conversion.

On the verdict of the jury, and in response to a motion to that effect, judgment was rendered for appellee, from which this appeal is prosecuted.

[1] Appellant seeks a reversal on the ground that the evidence was insufficient to support the judgment. The evidence was sharply conflicting on the vital issue; that is, as to whether or not appellee exercised its option to repurchase the merchandise on hand at the time the agreement was canceled. The jury could have determined that issue either way, but, having decided the question against the contention of appellant, and it was peculiarly within their province to so find, we are not at liberty to disturb their verdict.

It is also insisted that the court erred in refusing the request of appellant for a finding on the issue of conversion. We do not believe the evidence raised the issue of conversion; hence the court did not err in refusing the requested instruction. Gulf, Colo. & S. F. Ry. Co. v. Buckholts State Bank (Tex. Com. App.) 270 S. W. 1008.

[2] Appellant criticizes paragraph 2 of the court's charge quoted above, on the ground that it presented a legal conclusion for the jury to pass upon; that, in lieu thereof, the jury should have been required to find facts from which the court could have drawn the legal conclusion as to whether or not appellee had exercised the option to repurchase the merchandise.

The court having, in our opinion, properly submitted the ultimate issue of fact that was determinative of the controversy, was not required to submit mere evidentiary issues.

Finding no reversible error, the judgment of the court below is affirmed.

Affirmed.